BOYAR & MILLER, P.C.
4265 San Felipe, Suite 1200
Houston, TX 77027
(713) 850-7766
(713) 552-1758 (Fax)
David M. Bond
Chris Hanslik
Crystal J. Parker

GRAUBARD MILLER
405 Lexington Avenue, 19th Floor
New York, NY 10174
(212) 818-8800
(212) 818-8881 (Fax)
Caryn Marcus

*Attorneys for Amanda K. Martin*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | § § § Chapter 11 |
| ENRON CORP., ET AL., | § § § Case No. 01-16034 (AJG) |
| Debtors. | § § § Jointly Administered |
| | § § |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP. ET AL, on behalf of ENRON CORP. AND AZURIX CORP., | § § § § § |
| Plaintiff, | § § Adversary Proceeding § No. 03-93617 (AJG) |
| - against - | § § |
| AMANDA K. MARTIN, | § **JURY TRIAL DEMANDED** § |
| Defendant. | § § |

---

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR                                                                                          -PAGE 1-
WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.

CJP\003031\00002\200194.1

|                                                              | § |
| ------------------------------------------------------------ | - |
| AMANDA K. MARTIN,                                            | § |
|                                                              | § |
| Counter-Plaintiff,                                           | § |
|                                                              | § |
| - against -                                                  | § |
|                                                              | § |
| ENRON CORP., AZURIX CORP.,                                   | § |
| AZURIX NORTH AMERICA CORP., AND                              | § |
| AWS CORP. a/k/a AWS (Water/Wastewater)                       | § |
| CORP. f/k/a AZURIX NORTH AMERICA                             | § |
| CORPORATION,                                                 | § |
|                                                              | § |
| Counter-Defendants.                                          | § |

### DEFENDANT/COUNTER-PLAINTIFF AMANDA K. MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.

Amanda K. Martin ("Martin") hereby files her Memorandum of Law in Support of Her Motion for Withdrawal of Reference of Claims Against Azurix Corp. pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011-1.

#### SUMMARY

The Court should withdraw the reference concerning Martin's claims for breach of contract and declaratory judgment against Azurix Corp. ("Azurix") because the proceeding against Azurix is non-core and Martin has demanded a jury trial. In addition, the Court should withdraw the reference because: judicial economy and efficiency favor withdrawal, it will not encourage forum shopping, and the request for withdrawal is timely.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.                                                              -PAGE 2-

CJP\003031\00002\200194.1

## FACTUAL BACKGROUND

Enron filed its petition to avoid and recover Martin's separation payment on December 1, 2003. *See* Docket number 1. Martin answered the lawsuit and demanded a jury trial on March 18, 2004. *See* Docket number 6. Because Enron and Azurix are jointly liable for the separation payment pursuant to Martin's separation agreement, Martin filed a cross-claim against Azurix for breach of the separation agreement, or alternatively, breach of Martin's employment agreement. *See* Docket number 41. Martin has noted her demand for a jury trial on each of her pleadings in this proceeding.

Martin's claims against Azurix are now at the trial stage. Discovery in this matter has been completed. This Court considered cross-motions for summary judgment on Martin's claims against Azurix, and on October 17, 2007, this Court ruled that fact issues remain with respect to Martin's claims against Azurix. *See* Docket number 141. In response to Azurix's motion for reconsideration, the Court again ruled that fact issues remain with respect to Martin's claims. *See* Docket number 159. Therefore, Martin's claims against Azurix are ripe for a jury trial.

## ARGUMENT AND AUTHORITIES

When determining whether to withdraw the reference, courts should consider facts such as whether the proceeding is a core or non-core proceeding, judicial economy, uniform bankruptcy administration, reduction of forum shopping, economical use of debtors' and

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR    -PAGE 3-
WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.

CJP\003031\00002\200194.1

creditors' resources, expediting the bankruptcy process, and the presence of a jury demand.[1] *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2nd Cir. 1993). The most important factor is whether the claim is a core or non-core claim. *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2nd Cir. 1996).

1. **The proceeding against Azurix is non-core.**

Martin's claim against Azurix is a non-core matter because it does not involve rights created by bankruptcy law and it has no bearing on Enron's estate. Courts have defined a core proceeding as a proceeding that invokes substantive rights created by federal bankruptcy law that would not exist outside of a bankruptcy case, as well as those proceedings listed in 28 U.S.C. § 157(B)(2). *See VWE Group, Inc. v. Amlicke, et al*, 359 B.R. 441, 448 (S.D.N.Y. 2007). Martin's claim against Azurix is a cause of action for breach of a pre-petition contract, a substantive right that is completely unrelated to federal bankruptcy law. Azurix has not filed for bankruptcy and is related to the bankruptcy matter only because it is a co-debtor with Enron with respect to Martin's separation agreement. Because Martin's action is a breach-of-contract claim relating to a pre-petition contract against a party that has not filed a claim with the bankruptcy court, Martin's action is "non-core." *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2nd Cir. 1993) (holding that a breach-of-contract claim filed by a debtor who had not filed a claim with the bankruptcy

---

[1] The factors of uniform bankruptcy administration and expediting the bankruptcy process are not discussed because they are irrelevant given that Azurix has not filed for bankruptcy.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR                                                                                -PAGE 4-
WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.

CJP\003031\00002\200194.1

court against a party to a pre-petition contract was a non-core proceeding.) Therefore, the Court should withdraw the reference to district court.

2.  **Martin's demand for a jury trial favors withdrawal of the reference.**

New York courts have held that "the court's finding that the claim is non-core coupled with defendants' jury demand is sufficient cause to withdraw the reference." *VWE Group* 359 B.R. at 451; *see also Orion Pictures Corp.*, 4 F.3d at 1101-02. Martin has consistently demanded a jury trial in this proceeding; she formally demanded a jury trial on March 18, 2004, (Docket number 10) and has indicated that a jury trial is demanded on each pleading she has filed in this proceeding. Because Martin's claim is non-core and because Martin has demanded a jury trial, the Court should withdraw the reference.

3.  **Judicial economy and efficiency favor withdrawal of the reference.**

Because a determination of a non-core matter is subject to *de novo* review by a district court, efficiency and judicial economy favor withdrawal of a non-core claim. *Orion Pictures Corp.*, 4 F.3d at 1101 (stating that the "fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court"). By withdrawing the reference, the court avoids the unnecessary cost and duplication of effort of a *de novo* review by the district court by having the district court hear the matter in the first place. *Id; VWE Group*, 359 B.R. 441 at 451. The fact that discovery has already taken place in the bankruptcy court does not hinder withdrawal, but instead the discovery can be used at the district court trial of the case. *Id.*

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR
WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.                               -PAGE 5-

CJP\003031\00002\200194.1

Because Martin's claim is non-core, it would be subject to *de novo* review by the district court. *See Orion Pictures Corp.*, 4 F.3d at 1101. Therefore, judicial economy and efficiency favor withdrawal of the reference. *Id; VWE Group*, 359 B.R. 441 at 451.

4. **The withdrawal of reference will not result in forum shopping.**

In cases where a jury demand has been made with respect to a non-core claim, withdrawal to district court does not result in forum shopping because the case necessarily will be held in district court. *See VWE Group*, 359 B.R. at 451. In this case, the withdrawal of reference of Martin's non-core breach-of-contract claim against Azurix will not result in forum shopping because Martin has demanded a jury trial, and therefore the case would be heard *de novo* by a district court. *See id.* Therefore, this factor also supports withdrawal of the reference.

5. **The withdrawal of reference is timely.**

As New York courts have noted in other Enron matters, the district court's ability to withdraw the reference at any point should alleviate any concern about conducting pretrial matters in bankruptcy court on the part of parties entitled to a jury trial. *See Enron Corp. v. Lay*, 295 B.R. 21, 28 (S.D.N.Y. 2003); *Enron Corp. v. Arora*, 317 B.R. 629, 644 n. 12 (S.D.N.Y. 2004) (stating that the appropriateness of moving a case to district court for a trial by jury will become a question ripe for determination if and when the case becomes ready for trial). The appropriate time for withdrawal of reference is when the case becomes ready for trial. *Arora*, 317 B.R. at 644 n. 12; *Adelphi Institute, Inc. v. Terranova*, 112 B.R. 534, 538 (S.D.N.Y. 1990) (stating that "the appropriateness of removal of the case to a district

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.   -PAGE 6-

CJP\003031\00002\200194.1

court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.") Because the Court has ruled on preliminary matters in this case, including ruling that a fact issue exists with respect to Martin's breach of contract claim against Azurix, the issue of withdrawal of reference is ripe for the court's consideration. *Id.* Therefore, the Court should grant Martin's motion to withdraw the reference.

### CONCLUSION AND PRAYER

WHEREFORE, Amanda K. Martin prays that this Court grant this Motion for Withdrawal of Reference of Claims Against Azurix Corp. and transfer Martin's claims against Azurix Corp. to district court. Martin also requests such other and further relief as may be just or that this Court deems proper.

Dated: November 30, 2007.

Respectfully submitted,

/s/ David Bond
David M. Bond
Texas State Bar No. 02582400
Chris Hanslik
Texas State Bar No. 00793895
4265 San Felipe, Suite 1200
Houston, Texas 77027
Telephone:  713/850-7766
Facsimile:  713/552-1758

COUNSEL FOR DEFENDANT
AMANDA K. MARTIN

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR                                                             -PAGE 7-
WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.

CJP\003031\00002\200194.1

OF COUNSEL:

BOYAR & MILLER
4265 San Felipe, Suite 1200
Houston, Texas 77027
David M. Bond
Texas State Bar No. 02582400
Chris Hanslik
Texas State Bar No. 00793895
Crystal J. Parker
Texas State Bar No. 24051432
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

GRAUBARD MILLER
405 Lexington Avenue, 19th Floor
New York, NY 10174
(212) 818-8800
(212) 818-8881 (FAX)
Caryn Marcus

ATTORNEYS FOR AMANDA K. MARTIN

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR WITHDRAWAL OF REFERENCE OF CLAIMS AGAINST AZURIX CORP.    -PAGE 8-

CJP\003031\00002\200194.1